UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RANDY L. THORNTON,**

    Petitioner

v.                                            CIVIL ACTION NO. 2:12-00245
                                                (Criminal No. 2:04-00225)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is a petition for writ of error <u>coram nobis</u>, filed February 3, 2012.

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On November 9, 2004, the United States filed a three-count indictment against petitioner alleging three separate violations of 18 U.S.C. § 922(g)(1). On April 18, 2005, Count One was dismissed. On May 10, 2005, trial commenced. On May 12, 2005, the jury convicted petitioner of the remaining two counts. On February 2, 2006, the court entered its judgment sentencing petitioner to a 262-month term of imprisonment, a

five-year term of supervised release, a $100 special assessment, and a $5,000 fine.

Respecting the financial penalties, the Judgment provides in pertinent part as follows:

> The $200 special assessment shall be paid from prison earnings at the rate of $25 per month commencing on May 1, 2006, with payment due on the first day of each month thereafter until paid in full. Once the special assessment has been paid, payments shall begin on the $5,000 fine at the rate of $25 per month paid from prison earnings. . . .

(Jgt. at 6).

On February 6, 2006, petitioner appealed the Judgment. On January 5, 2007, the court of appeals affirmed. The docket in the criminal case does not reflect that petitioner has either previously sought relief under 28 U.S.C. § 2255 or a payment-schedule modification pursuant 18 U.S.C. 3572(d)(3).

On March 13, 2012, the magistrate judge filed her PF&R. The magistrate judge recommends that the petition be denied in light of (1) the demanding elements attached to a request for the writ to issue, and (2) petitioner's failure heretofore to request a modification of the payment schedule pursuant to section 3572(d)(3).

At petitioner's request, the time period for objections was extended by the court until April 13, 2012. On

2

April 16, 2012, petitioner's objections were received. Petitioner asserts generally that his $5,000 fine should be expunged and he should be released from custody.[1] While he invokes the Eighth Amendment, the case law controlling such challenges does not aid his cause inasmuch as he has not shown that the $5,000 fine was grossly disproportionate to the gravity of his offense.  See, e.g., United States v. Bajakajian, 524 U.S. 321, 334 (1998).

Petitioner also asserts that he "has exhausted all usual remedies known to him to be available . . . ."  (Objecs. at 1).  He makes this assertion in apparent service of one of the elements for the writ identified by the magistrate judge, namely, that "a more usual remedy is not available . . . ." (PF&R at 2 (citing authorities)).  As noted by the magistrate judge and supra, however, petitioner does not appear to have previously requested that the court adjust his payment schedule. That failing alone demonstrates petitioner has defaulted on the showing required of him in order to obtain the writ.

Nevertheless, the court will construe one limited portion of the petition as a motion to modify the payment

---

[1] The request for immediate release is plainly not well taken.  Foremost, petitioner has never availed himself of the proper statutory vehicle for seeking such relief, 28 U.S.C. § 2255, nor has he specifically explained his default for failing to do so.

schedule pursuant to section 3572(d)(3).  So construed to that confined extent, the court ORDERS that the payment schedule found in the Judgment be, and it hereby is, reduced in amount from the rate of $25 per month to the rate of $25 per quarter, a sum that petitioner has demonstrated a proven ability to pay over time.[2]

Based upon the foregoing, and having considered the remainder of petitioner's contentions, the objections are not meritorious.  Having reviewed the matter <u>de novo</u>, the court adopts and incorporates herein the magistrate judge's PF&R to the extent not inconsistent with the foregoing discussion.  The court, accordingly, ORDERS that the petition for a writ of <u>coram nobis</u> be, and it hereby is, denied, with the exception of that limited portion of the petition which is construed as a section 3572(d)(3) motion, which the court grants to the extent that the payment schedule found in the Judgment is reduced to provide for fine payments at the rate of $25 per quarter in lieu of payments at the rate of $25 per month.  It is further ORDERED that this action be, and it hereby is, dismissed.

---

[2] According to the payment schedule attached to petitioner's objections, he has made a $25 payment for each quarter that has elapsed since December 2009.

**The Clerk is directed to forward copies of this written opinion and order to the petitioner, all counsel of record, and the United States Magistrate Judge.**

DATED: May 2, 2012

John T. Copenhaver, Jr.
United States District Judge